NATIONAL BANK OF POULTNEY *v.* LEWIS AND OTHERS.

*Bills and Notes.　Waiver of Notice of Protest.*

The accommodation indorser of a promissory note wrote the cashier of the bank where the note was made payable, on the day the note fell due,—the note then being in the hands of an indorsee for value, and the bank being ignorant of its existence,—that he would "waive protest" thereon. It did not appear whether or not the indorsee then knew of the letter. Afterwards, the indorsee indorsed the note to the bank for collection, and the bank brought suit thereon against the accommodation indorser. *Held,* that as at the time the letter was written and received the bank had no interest in nor possession of the note, the letter was not, in legal effect, a waiver of notice of protest.

ASSUMPSIT on a promissory note. Trial by the court, September Term, 1877, DUNTON, J., presiding.

The case was this. The note in suit, which was for $200, was made on June 16, 1875, by defendants Benjamin Lewis & Son, payable to the order of defendant H. W. Lewis, who was accustomed to indorse for them, at the National Bank of Poultney, and was indorsed by H. W. Lewis. At the time it fell due it was and still is owned by Lucius Copeland, having been passed to him for value in the regular course of business, he having indorsed it to said bank after it matured, for collection for his benefit. On the day the note fell due, Clark, who then was, and for more than five years had been, cashier of said bank, and the notary who protested notes there payable, received a letter from H. W. Lewis, in which he said, referring to the note in suit : "I will waive protest on the note of B. Lewis & Son, of $200, dated June 13, indorsed by me."

The note was never owned by said bank, nor in said bank, except as aforesaid; and it did not appear that payment thereof was demanded at or of said bank on the day it fell due, nor that said bank or its officers had any knowledge that there was such a note in existence until after the day it fell due, otherwise than such as might be presumed to have been gained by the receipt of said letter; nor did it appear whether or not the makers of the note had any funds in the bank on the day the note became due; but it did appear that they were in failing circumstances, and before that day had become aware that they should not be able to pay their debts; nor did it appear whether or not Copeland knew of the letter to Clark until after the maturity of the note.

The plaintiff was permitted to discontinue without costs as against Benjamin Lewis & Son. The court rendered judgment, *pro forma*, for the defendant H. W. Lewis; to which the plaintiff excepted.

*Prout & Walker*, for the plaintiff.

Notice of non-payment may be waived by an indorser in various ways; as, by a promise to pay in a case where notice of non-payment has been given earlier than the law requires; or, by a promise to pay where notice has not been given at all; or, by a promise to pay at a future time; or, by any acknowledgment of a liability to pay. *Seeley* v. *Bisbee*, 2 Vt. 105; *Farmers & Mechanics' Bank* v. *Catlin*, 13 Vt. 39. On the day the note became due, defendant wrote plaintiff that he would waive protest and notice, which was equivalent to a promise to pay, and to an expression of willingness to remain liable; and it is immaterial that Copeland's conduct was uninfluenced thereby. The promise or acknowledgment took effect and bound the defendant as a similar promise would have done if it had been made to a stranger in respect to a debt affected by the Statute of Limitations, under the old law. Such promise is an answer to the statute, and an answer to the defence in this case. *Ross* v. *Hurd*, 5 Reporter, 51; *Minkler* v. *Minkler*, 16 Vt. 193; Byles Bills, 367, 368.

*Fayette Potter*, for the defendants.

This defendant's contract of indorsement was to pay the note, provided payment was properly demanded and notice of non-

payment given. Could a material part of that contract be waived by a declaration to Clark or the bank, strangers to the note, who never had any interest therein nor possession thereof ? 1 Parsons Bills, 610.

The letter relied on as a waiver does not describe the note in suit ; and it cannot be explained by parol, any more than any other written contract. If anything, it is a contract to waive a material part of the contract of indorsement. *Pitts* v. *Brown,* 49 Vt. 86. The owner of the note was not misled by the defendant's letter, as he never knew of it till after the note had matured.

The opinion of the court was delivered by

ROYCE, J. The only question presented for decision is as to the liability of the indorser, H. W. Lewis, upon the facts stated in the exceptions. H. W. Lewis was an accommodation indorser, and, as bearing upon the question of his legal liability, it is pertinent to consider what obligation he assumed as between himself and the holder of the note by such an indorsement. HOSMER, J., in speaking of such an indorsement in *Buck* v. *Colton,* 3 Conn. 129, says, that the contract of the indorser is not absolute but conditional. It is merely this ; " If you use due diligence in demanding the money, and the maker refuses to pay it, and you will give me reasonable notice of this, I will pay you." This rule is substantially the one laid down by the text-books upon bills of exchange and promissory notes, and in the reported cases as defining the nature and legal effect of the contract of indorsement by an accommodation indorser. And upon the question as to who must give the notice, it was held in *Harris* v. *Robinson,* 4 How. S. C. 336, that it would be sufficient if given by any person duly authorized by the holder. It is not claimed that any notice was in fact given of the non-payment of the note by the plaintiff or by Copeland, who was the owner and holder of the note. But it is claimed that the letter that the indorser wrote to the plaintiff, and which was received by it the day the note became due, was, in legal effect, a waiver of notice.

It is to be borne in mind that at the time that letter was written and received, the bank had no interest in the note, and it was not

in its possession nor under its control.   It is claimed that the
waiver of protest evidenced by the letter, would take effect and
bind the defendant as a similar promise would made to a stranger
in respect to a debt affected by the Statute of Limitations.   In
*Mountstephen* v. *Brooke*, 3 B. & Ald. 141, it is said that the
Statute of Limitations was passed to protect the persons who were
supposed to have paid the debt but to have lost the evidence
of such payment, and hence, evidence of an acknowledgment of
the existence of the debt, even though made to a stranger, was
receivable, to rebut the presumption of payment.   The evidence
was admissible against the party originally liable, in aid of the
party to whom he owed a debt or duty, but who had been deprived
of his remedy by mere lapse of time.   But here, as we have seen,
the indorser is not the party originally liable — his contract is
only conditional.   The letter was not used as evidence to rebut a
presumption, but to fix the indorser with a legal liability.   It was
not addressed to the party who had the custody or control of the
note ; and this case differs materially from those that have been
referred to by the counsel.   In those cases, the agreement, promise,
or admission relied upon as a waiver of notice, was made to the
party having a legal interest in the demand ; here, as we have
seen, the agreement was with an entire stranger.   To hold that
such a notice is sufficient to charge an indorser, would be contrary
to the principles of the mercantile law as we understand them.
   Judgment affirmed.